Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5838 | **DATE** | 4/20/2004 |
| **CASE TITLE** | Satya Rao vs. County of Cook, Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum Opinion and Order entered. Plaintiff's motion to deny Defendant's request for costs [#53] is hereby **denied**; Defendant County of Cook is awarded costs in the amount of $732.19.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 54 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/20/2004 date mailed notice | |
| FT/ | courtroom deputy's initials | Date/time received in central Clerk's Office | PT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SATYA RAO,                    )
                              )
            Plaintiff,        )   No. 00 C 5838
                              )
    vs.                       )   Magistrate Judge
                              )   Arlander Keys
COUNTY OF COOK, ILLINOIS,     )
                              )
            Defendant.        )

**MEMORANDUM OPINION AND ORDER**

Satya Rao, who is of Indian descent, works as a registered nurse at John H. Stroger Hospital. After more than twenty years on the job, Ms. Rao sued Cook County, which runs the Hospital, alleging that the Hospital and certain of its employees discriminated against her and harassed her because of her national origin and her race; she also alleged that the Hospital retaliated against her because she complained about the discrimination and harassment.

The County moved for summary judgment on all of Ms. Rao's claims; the Court granted the motion and entered judgment in the County's favor on November 18, 2003. *See Rao v. County of Cook, Illinois*, No. 00 C 5838, 2003 WL 22764588 (N.D. Ill. Nov. 19, 2003). In deciding the motion, the Court found that Ms. Rao's national origin and race discrimination claims failed because she could not establish the second or fourth elements of her prima facie case; that is, she could not show that she was meeting her employer's legitimate expectations (on the contrary, the Hospital

offered evidence showing that she had consistently been disciplined for poor performance, and she failed to offer any evidence to counter her history of disciplinary issues), and she could not show that similarly situated persons outside the protected class were treated more favorably. *Id.* at *8-9. Similarly, the Court held that Ms. Rao's harassment claim failed because what little evidence she could offer on this score was either inadmissible, insufficient, or supportive of the Hospital's position. *Id.* at *10-11. The Court held that Ms. Rao's retaliation claim failed because she could offer no evidence to back up the conclusory allegation that she was disciplined, not because her performance was deficient, but because she complained about being mistreated. *Id.* at *12. And, finally, the Court held that, because she failed to make out a prima facie case of discrimination, Ms. Rao's *Monell* claim against Cook County also failed. *Id.*

In light of the Court's decision on summary judgment, on December 17, 2003, the County filed a Bill of Costs under Local Rule 54.1, seeking reimbursement based upon its status as the prevailing party. In its Bill, the County seeks reimbursement for the following costs: (1) $743.00 for costs incurred in connection with Ms. Rao's deposition of Rosetonia Sapaula, Ms. Rao's supervisor at the Hospital; (2) $548.62 for costs incurred in connection with Ms. Rao's deposition of Angeles Montefolka,

2

the Hospital employee who handled at least one of Ms. Rao's grievances; and (3) $322.15 for costs incurred in connection with the County's deposition of Ms. Rao. See Cook County's Bill of Costs, Exhibits 1-2. In total, then, the County seeks $1613.77.[1]

In response to the County's Bill of Costs, Ms. Rao filed a "Motion to Deny Defendant's Request for Costs," and an affidavit stating that she is "unable to pay the costs requested by the defense." Affidavit of Satya Rao, ¶2. Specifically, Ms. Rao states in her affidavit that her husband is unemployed, and that she is struggling to pay for her daughter's education at New York University, where the tuition is $21,777.47 per semester. Id. Ms. Rao attached a "Statement of Account" from New York University showing that Veena Rao owed $14,842.97 ($21,777.47, less certain scholarship and student loan credits) as of January 6, 2004. See Affidavit of Satya Rao, Exhibit 1. Notably, Ms. Rao did not challenge the County's implied assertion that it prevailed in this case or otherwise challenge the County's presumptive right to an award of costs; nor did she challenge the reasonableness of the amounts requested.

Under Federal Rule of Civil Procedure 54(d)(1) "costs other than attorney's fees shall be allowed as of course to the

---

[1] The County actually submitted a request for $1613.15, but the Court assumes this discrepancy is simply an error in computation.

3

prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Although the power to award costs is within the discretion of the district court, "prevailing parties are prima facie entitled to costs and it is the burden of the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (citing *United States v. Santiago*, 826 F.2d 499, 505 (7th Cir. 1987)). This is a difficult, though not insurmountable, burden for a losing party to shoulder. And one way for a losing party to overcome a presumptive award of costs is to demonstrate indigence. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *McGill*, 18 F.3d at 457. To this end, a party hoping to avoid costs must show actual indigence, and not simply that her financial resources are limited. *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 929 (7th Cir. 1998); *Sanglap v. LaSalle Bank, FSB*, 194 F.Supp. 2d 798, 801 (N.D. Ill. 2002). Moreover, she must show both that she is presently unable to pay costs and that she will likely be unable to pay costs in the future. *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003).

Ms. Rao's affidavit falls short of the mark. To be sure, her affidavit and the accompanying exhibits suggest that she is hardly rolling in dough, given her husband's unemployment and her daughter's private university tuition bills. But they do not

4

establish indigence. Ms. Rao discloses only that she has a job, and that her daughter attends a very expensive university; she has said nothing about – and the Court, therefore, knows nothing about – how much money she makes as a nurse who has been with the Hospital for more than twenty years; how much money, if any, her husband collects in unemployment compensation; how much money, if any, her daughter will contribute towards her educational expenses; how much money Ms. Rao and her husband have in savings, mutual funds, retirement accounts, home equity, etc. Nor does her affidavit say anything about her ability to pay costs in the future, once her daughter graduates or once her husband gets a job, for example. In short, the Court is unable to say, on the basis of what she submitted, that Ms. Rao is indigent, and the Court is, therefore, unwilling to deny outright the County's Bill of Costs. *See, e.g., Sanglap* 194 F.Supp.2d at 801 (a showing of $17,500 in debt does not, by itself, establish indigence to overcome a requested award of costs); *Jansen v. Packaging Corp. of America*, 1997 WL 583063, at *2 (N.D. Ill. 1997) (a showing of present unemployment, without any explanation of other possible sources of income, assets, etc. is not enough to establish indigence for purposes of avoiding costs).

Having determined that the County is entitled to an award of costs, the Court must consider what amount is reasonable and appropriate. Costs recoverable under Federal Rule of Civil

5

Procedure 54(d)(1) are enumerated in 28 U.S.C. §1920, and include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (West 2004); see also Weeks, 126 F.3d at 945.

Here, the County seeks to recover costs incurred under 28 U.S.C. §1920(2). Specifically, the County is seeking reimbursement for costs incurred in connection with Ms. Rao's deposition of two Hospital employees, Angeles Montefolka, who was the Division Director of the department in which Ms. Rao worked and who was involved with Ms. Rao's grievances, and Rosetonia Sapaula, who supervised Ms. Rao for a time and who, according to Ms. Rao, tacitly approved the alleged discriminating and harassing behavior. The County is also seeking reimbursement for costs incurred in connection with its deposition of Ms. Rao.

The Court finds that the transcripts covered by the

requested costs were "necessarily obtained for use in the case" as required by 28 U.S.C. §1920(2); indeed, Ms. Rao has not argued otherwise. In making this determination, the Court asks "whether the deposition was 'reasonably necessary' to the case at the time it was taken," see Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998), and the Court has no trouble finding that this was the case, given that the deponents were the plaintiff, her supervisor and the person who handled her grievances.

Nevertheless, after carefully scrutinizing the County's Bill of Costs, the Court finds that a portion of the request should be disallowed. First, where the County paid an additional fee to receive deposition transcripts in a condensed format, those additional fees should not be charged to Ms. Rao; such niceties are purely matters of convenience, not necessity, and these costs are, therefore, not recoverable. See Zeidler v. A & W Restaurants, Inc., No. 99 C 2591, 2001 WL 561367, at *1 (N.D. Ill. May 21, 2001) (citing EEOC v. Yellow Freight Services, Inc., No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999); Fields v. General Motors Corp., 171 F.R.D. 234, 236-37 (N.D. Ill.1997)). Accordingly, the Court will deduct $40.00 from the County's Bill of Costs.

Additionally, the County seeks to recover delivery, shipping and handling costs charged by the court reporting agencies. Such

costs are generally considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *See Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085, 1086 (N.D. Ill.2002) (citing *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D. Ill. March 15, 2002)). Accordingly, the Court will deduct $30.27 from the County's Bill of Costs.

Finally, in connection with two of the three depositions, the County paid for transcripts at a rate higher than the rate approved by the Judicial Conference. When the depositions were taken in this case, the approved rate for copies was $.83 per page, yet the County paid $2.30 per page for a copy of Ms. Montefolka's deposition, and $2.50 per page for a copy of Ms. Sapaula's deposition. The Court will deduct from the County's Bill of Costs the amount exceeding the allowable rate (a total of $811.31). *See* Local Rule 54.1.

Based on the above considerations and calculations, the Court finds that the County is entitled to an award of costs in the amount of $732.19. The Court, therefore, grants the County's request for costs, as modified in this opinion, and denies Ms. Rao's motion to deny costs.

Dated: April 20, 2004          ENTER:

ARLANDER KEYS
United States Magistrate Judge

8